FILED
DEC 2 6 2007
DEC 26 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARK CONSULTING, INC. | § § | 07CV 7231 |
| Plaintiff, | § § | JUDGE SHADUR |
| v. | § § | MAGISTRATE JUDGE ASHMAN |
| R. SCOTT RICHARDSON, | § § | |
| Defendant. | § § § | Jury Trial Requested |

## MOTION FOR EXPEDITED DISCOVERY

Pursuant to Rules 16, 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Clark Consulting, Inc. ("Clark" or the "Company") hereby files this Motion for Expedited Discovery (the "Motion") against Defendant R. Scott Richardson ("Richardson" or "Defendant") and states as follows:

### I. INTRODUCTION

1. This is a suit against Defendant R. Scott Richardson for claims based on Richardson's (1) breach of the Illinois Trade Secret Act, (2) misappropriation of trade secrets and other confidential information, (3) breach of fiduciary duty and/or the duty of loyalty, (4) equitable estoppel, and (5) breach of contract.

2. As more fully described in Plaintiff's Original Complaint For Injunctive Relief and Damages (the "Complaint") filed contemporaneously herewith, Clark asserts that Richardson has, among other things, misappropriated confidential and trade secret information from Clark and is utilizing such information jointly or individually in direct competition with Clark to Clark's detriment.

3. Further, Clark seeks entry of a Preliminary Injunction, by motion filed contemporaneously herewith, requiring Defendant to: (1) immediately cease disclosing, misappropriating, or using any trade secrets of Clark; (2) immediately cease using, adopting, or otherwise utilizing any and all Clark documents and Clark's confidential information; (3) immediately cease soliciting or continuing to solicit customers or prospective customers of Clark, and (4) to immediately turn over, without keeping any copies of, any and all Clark documents and Clark's confidential information.

4. Clark has good cause to seek expedited discovery to determine the extent of Richardson's violations of his statutory and common law duties to Clark, including the extent of Richardson's violations of statutory and common law duties to Clark; the extent of Richardson's misappropriation of trade secrets and other confidential information; use and disclosure of Clark's trade secret, confidential, proprietary and privileged information; the amount of damages suffered by Clark as a result of Richardson's unlawful actions; and the production and return of all of Clark's trade secret, confidential, proprietary and privileged information.

## II.   BACKGROUND

5. Clark hereby adopts and re-alleges in this Motion the allegations contained in the Complaint.

6. Richardson was employed by Clark from February 5, 2000 to September 10, 2007, when he voluntarily terminated his employment. During the course of his employment with Clark, he signed both an Employee Confidentiality Agreement (the "Confidentiality Agreement") and the "Clark Consulting - Banking Practice Non-disclosure and Non-solicitation Agreement" (the "Non-Disclosure/Non-Solicitation Agreement"). True and correct copies of the

Confidentiality Agreement and the Non-Disclosure/Non-Solicitation Agreement are attached to at the Complaint

7. Richardson became knowledgeable about unique and competitively valuable confidential information pertaining specifically to Clark's clients and potential clients, information about which he would have had no knowledge but for his employment with Clark.

8. Immediately prior to his voluntary termination, from August 1, 2007 through September 10, 2007, Richardson improperly accessed at least 22 electronic files containing Clark's confidential information from Clark's computer system.

9. Richardson then used this information in violation of Clark's rights, including, but not limited to, the solicitation of Clark's clients and the use of Clark's proprietary information in the furtherance of Richardson's new employer, Executive Benefit Options, LLC ("EBO"). Richardson has specifically targeted clients and prospective clients about whom he is aware because of his misappropriation of Clark's confidential information. Clark believes that Richardson has also made use of attorney client privileged documents and information that he misappropriated from Clark shortly before his departure from the Company. Such use violates both the Confidentiality Agreement and the Non-Disclosure/Non-Solicitation Agreement signed by Richardson.

10. Clark continues to suffer irreparable damage as a result of Richardson's misappropriations and violations of his fiduciary duties to Clark.

### III.   ARGUMENT

11. Clark incorporates by reference the allegations in Paragraphs 1-10 above.

12. Under Rules 16, 26 and 34 of the Federal Rules of Civil Procedure, this Court has broad authority to manage the discovery process.

13. The Court may "take appropriate action with respect to" "the formulation and simplification of the issues;" "the necessity or desirability of amendments to the pleadings;" "the possibility of obtaining admissions of fact and documents which will avoid unnecessary proof;" "the control and scheduling of discovery;" "the identification of witnesses and documents;" and "the need for adopting special procedures for managing...unusual proof problems." *See* Fed. R. Civ. P. 16(c)(1), (2), (3), (6), (7) and (12).

14. Federal Rule of Civil Procedure 26 gives a trial court wide discretion to manage the discovery process. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). Under Rule 26(d), the Court may order the timing and sequence of discovery outside the standards described under the Rules. *See* Fed. R. Civ. P. 26(d).

15. Further, Rule 34(b) allows the Court discretion to order a shorter time period to respond to discovery requests than the 30-day period. *See* Fed. R. Civ. 34(b).

16. Although expedited discovery is not the norm, when a movant makes some *prima facie* showing of the need for the expedited discovery, such discovery is appropriate. *See Merrill Lynch*, 194 F.R.D. at 623.

17. When a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances. *Id.* at 624.

18. This is a case in which time is of the essence, and Clark's ability to conduct expedited discovery is critical. Clark's confidential information and trade secrets are at stake, as well as its competitive advantage that naturally flows from that information and those trade secrets. Expedited discovery is necessary for Clark to determine the extent of Richardson's violations of statutory and common law duties to Clark; the extent of Richardson's

misappropriation; the use and disclosure of Clark's trade secret, confidential, proprietary and privileged information; the amount of damages suffered by Clark as a result of Richardson's unlawful actions; and to identify and secure the return of all of Clark's trade secret, confidential, proprietary and privileged information that Richardson misappropriated. Additionally, expedited discovery is necessary for Clark to prepare for a preliminary injunction hearing regarding these same issues.

19. Furthermore, requests for expedited discovery may be granted for "good cause." *See Merrill Lynch*, 194 F.R.D. at 618 (adopting a reasonableness standard and rejecting a four-factor test.) "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

20. In this case, the requests for expedited discovery are narrowly tailored to substantially move this case forward, to effect the proper administration of justice, and to protect Clark from the continued misuse of its confidential and proprietary information.

21. Clark seeks the expedited discovery of information as detailed in Exhibit A, Plaintiffs Requests for Production, attached hereto. Specifically, Clark seeks (i) the discovery and return of any and all of Clark's materials and information in Richardson's possession, (ii) the production of all materials, documents, communications or other information in Richardson's possession that is based on, created using, or in any way has been influenced by Clark's trade secret, confidential, proprietary or privileged information, and (iii) the deposition of Richardson regarding these claims.

22.     This expedited discovery request is in no way overly burdensome to Richardson and are required to fairly protect Clark from the harm Richardson has and will continue to cause the Company.

## IV.   **PRAYER**

For all of the foregoing reasons, Clark asks this Court to order Richardson to respond to the discovery requests attached hereto at Exhibit A, including:

   a.   Richardson to produce and turn over any and all Clark documents or other information in his possession;

   b.   Richardson to produce all materials, documents, communications or other information in Richardson's possession that is based on, created using, or in any way has been influenced by Clark's trade secret, confidential, proprietary or privileged information no later than 10 days prior to the preliminary injunction hearing on this subject matter;

   c.   Richardson to be available for deposition at least 7 day prior to the preliminary injunction hearing on this subject matter, a date to be determined by this Court, and

   a.   For such other and further relief as this court deems just and proper.

Dated: December 26, 2007

*/s/ Thomas Bradley*

Thomas S. Bradley (06199054)
Gregory R. James, Jr. (06198667)
Laner, Muchin, Dombrow, Becker,
 Levin & Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
(312) 467-9800
312-467-9479

**HUNTON & WILLIAMS LLP**

David C. Lonergan
Texas State Bar No. 12513500
Alan J. Marcuis
Texas State Bar No. 24007601
Sarah E. Wallner
Fountain Place
1445 Ross Avenue; Suite 3700
Dallas, Texas 75202-2799
(214) 979-3000
(214) 880-0011 (fax)

**ATTORNEYS FOR PLAINTIFF CLARK CONSULTING, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon R. Scott Richardson, 3023 Long Common Parkway, Elgin, Illinois 60123 on this 26th day of December, 2007, by agreement on his attorney Jeffrey Bakker, Esq., Neal, Gerber, & Eisenberg, LLP., Two North LaSalle Street, Suite 2200, Chicago, Illinois 60602, via messenger on this 26th day of December, 2007.

_____
Thomas S. Bradley

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARK CONSULTING, INC. § § Plaintiff, § § v. § § R. SCOTT RICHARDSON, § § Defendant. § § | CASE NO. _____ <br><br> _____ <br><br> Jury Trial Requested |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

Plaintiff Clark Consulting, Inc. ("Clark" or the "Company") requests that Defendant R. Scott Richardson ("Richardson" or "Defendant") produce the documents specified herein, and allow Defendant to inspect and copy the same, within _____ days of service of this request, at the offices of Thomas S. Bradley of the law firm Laner Muchin Dombrow Becker Levin and Tominberg, Ltd., 515 N. State Street, Suite 2800, Chicago, Illinois 60610.

### I. DEFINITIONS AND INSTRUCTIONS

1. As used in these document requests, "documents" means any printed, typewritten, handwritten, electronically stored or recorded material, or any otherwise recorded matter of whatever character whether draft or final documents, including without limitation, letters, memoranda, notes, interoffice or intra-office communications, e-mail or other electronic communications, statements, bills, billing statements, invoices, checks, telegrams, catalogues, brochures, diaries, reports, calendars, announcements, photographs, tape recordings, and carbon, photographic, or xerographic copies of any such material if the originals are no longer in existence or if you do not have possession, custody or control of the originals.

**EXHIBIT A**

2. Pursuant to Federal Rules of Civil Procedure 26 and 34, whenever a document is requested herein, it is specifically requested that the party to whom this request is directed also necessarily produce data and information that exists in electronic or magnetic form. This includes production of electronically stored information ("ESI"), specifically, but not limited to, all meta data. In this regard, the party to whom the request is directed is requested to produce ESI in its native format or form, both printed on hard copy as well as on a hard drive or other device or reader on which it may be accessible.

3. "Regarding" "relating to" or pertaining to" when used with respect to a document, agreement, subject or fact, means embodying, containing, evidencing, reflecting, reciting, recording, supporting, refuting or referring to.

4. The terms "Defendant," "you" and "your" mean R. Scott Richardson, and include all attorneys and agents of R. Scott Richardson.

5. The terms "Clark" or "the Company" or "Plaintiff" shall refer Plaintiff Clark Consulting, Inc., its officers, directors, shareholders, employees, agents, successors and assigns.

6. When the term "person" is used, it means a natural person, firm, partnership, proprietorship, business trust, joint venture, association or any other organization or definable entity.

7. When the term "identify" refers to a person, it means to state the full name, present or last known address, and employment of each such person.

8. When the term "identify" refers to writings, documents, photographs or any other tangible item, it means to state the identity of the person preparing the item, the date of the preparation, a description of the nature and subject matter of the item and the identity of the present custodian thereof. Or if such document was, but is not now in your possession or subject

to your control, state what disposition was made of it and state the date of such disposition. Documents prepared after an event described in your interrogatory answer but which refer to such event shall be included and similarly identified.

9.  If any information regarding a document request is not completely known or available to you, please answer to the extent possible and give any reasons for your inability to answer fully.

10.  Whenever your answers to document requests refer to other sources of information, please identify such source with sufficient detail to enable Clark to subpoena any persons who are the source of such information and/or to obtain by a subpoena duces tecum any document which serves as a source of information.

11.  To the extent required by law, these document requests are to be deemed continuing, and if you or your attorneys, agents, representatives or other responsible persons discover additional information as to matters inquired of in such document requests between the time the answers are made and the date of trial/hearing, supplemental answers shall be served, fully setting forth such newly discovered information.

12.  Capitalized terms not otherwise defined in these document requests shall have the meaning given to them in Plaintiff's Original Complaint.

13.  Space is included for answers to these document requests upon the original as required by rule. If additional space is required, separate attachments may be used and properly designated.

14.  If you assert any privilege regarding any document, with respect to such document: (1) identify it, (2) state the basis for the claim of privilege, (3) describe fully the circumstances of the document's origin, and (4) describe fully the circumstances of the

document's disposition, including identifying all persons whom you believe have or may have seen it or become acquainted with its contents.

15. The term "EBO" refers to Executive Benefit Options, LLC.

## REQUESTS FOR INSPECTION

1.  Produce for inspection and non-destructive forensic inspection any of Clark's trade secrets, confidential, proprietary and/or privileged information or any other data you received from Clark, prepared on Clark's behalf, or that contains Clark's business information stored on any and all cell phones, PDA's, Blackberries, computers, hard drives, computer tapes, diskettes, CD-ROMs (not including commercially produced music, games, or educational CD-ROMs), zip files, memory sticks or other electronic storage devices or retrieval devices.

2.  Produce for examination and non-destructive forensic inspection any and all cell phones, PDA's, Blackberries, computers, hard drives, computer tapes, diskettes, CD-ROMs (not including commercially produced music, games, or educational CD-ROMs), zip files, memory sticks or other electronic storage devices or retrieval devices owned by, given to, lent to or otherwise assigned to R. Scott Richardson.

## REQUESTS

**REQUEST NO. 1.**   Produce any and all documents or other information generated by Clark and/or all current and/or former employees of Clark in your possession.

**RESPONSE**:


**REQUEST NO. 2.**   Produce all materials, documents, communications and/or other information in your possession that is based on, was created using, or in any way has been influenced by Clark's trade secret, confidential, proprietary and/or privileged information.

**RESPONSE:**


**REQUEST NO. 3.**   Produce all documents concerning your duties and responsibilities while working for Clark.

**RESPONSE:**


**REQUEST NO. 3.**   Produce all documents concerning your duties and responsibilities while working for EBO.

**RESPONSE:**


**REQUEST NO. 4.**   Produce all documents relating to each conversation and/or communication that you have had with any person other than your attorney regarding Clark's trade secret, confidential, proprietary and/or privileged information from September 10, 2007 to the present.

**RESPONSE:**

**REQUEST NO. 5.**   Produce all documents (including, but not limited to, logs, diaries, notes, letters, e-mails, audio or video recordings, memoranda, and calendars) which evidence, reflect, refer to, or relate in any way to your employment with Clark.

**RESPONSE:**

**REQUEST NO. 6.**   Produce all documents taken or received by you from Clark or its place(s) of business during or subsequent to your employment with Clark.

**RESPONSE:**

**REQUEST NO. 8.**   Produce all documents exchanged between you and any person or entity (excluding attorneys) related to or regarding Clark, from September 10, 2007 to the present.

**RESPONSE:**

**REQUEST NO. 11.**  Produce any and all correspondence with current, former or prospective customers or clients of Clark, or the representatives of said current, former or prospective customers or clients, or any insurance company, banking association or trade organization with whom Clark has or has had any relationship, or the representatives of said insurance companies, banking associations or trade organizations, and documents evidencing communications with said current, former or prospective customers, clients, insurance companies, banking associations or trade organizations, including any correspondence or other documents relevant to any claims or defenses raised in this lawsuit.

**RESPONSE:**

**REQUEST NO. 12.** Produce any and all documents, including, but not limited to, electronic information that you have utilized in performing work activities for or at the direction of your current employer or business, including any calendars, day timers, diaries, records, notes, telephone logs, appointment books or any other written records.

**RESPONSE:**

**REQUEST NO. 13.** Produce any and all documents provided to you, or your representatives, by current or former employees of Clark or its affiliates, or from the representatives of said current or former employees, relevant to this lawsuit, including documents relevant to any claims or defenses raised in this lawsuit.

**RESPONSE:**

**REQUEST NO. 14.** Produce any and all documents provided by or received from any current, former or prospective customers of Clark, or from the representatives of said current, former, or prospective customers, or from any insurance company, banking association or trade organization with whom Clark has or has had any relationship, or from the representatives of said insurance companies, banking associations or trade organizations, and documents evidencing communications with said current, former or prospective customers, clients, insurance companies, banking associations or trade organizations, including those relevant to any claims or defenses raised in this lawsuit.

**RESPONSE:**

**REQUEST NO. 15.** Produce any and all documents or tangible things, including electronic media, containing or relating to information obtained or allegedly generated by you or EBO on or after September 10, 2007, relating to any customer or potential customer or from any insurance company, banking association or trade organization with whom Clark has or has had any relationship, or from the representatives of said insurance companies, banking associations or trade organizations, and documents evidencing communications with said current, former or prospective customers, clients, insurance companies, banking associations or trade organizations, including but not limited to customer names, lists, contact information, contract information, sales and sales negotiations, and documents related to the source of such information (hereinafter, "Acquired Customer Information").

**RESPONSE:**

**REQUEST NO. 15.** Produce any and all documents or tangible things, including electronic media, relating to your or EBO's efforts to use any Acquired Customer Information to design, implement and/or sell nonqualified executive and director employee benefit plans, Bank-owned Life Insurance ("BOLI") policies, or any other insurance policies, along with administrative services to clients associated with the implementation of such plans and/or policies from September 10, 2007 to the present.

**RESPONSE:**