IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARK CONSULTING, INC. | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 07 C 7231 |
| R. SCOTT RICHARDSON, | § | Judge Shadur |
| Defendant. | § | |

## AGREED PROTECTIVE ORDER

WHEREAS, discovery may involve the disclosure of alleged trade secret or other possibly confidential proprietary technical, business and financial information;

WHEREAS, the parties seek to preserve their privacy and proprietary interests in such information, without unduly encroaching on the public's right to be informed of judicial proceedings, and recognizing that a party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record and that either party and any interested member of the public may challenge any designation of confidentiality pursuant to this Protective Order ("Order");

WHEREAS, the parties represent that their counsel are familiar with trade secret law and the parties and counsel will act in good faith in designating records pursuant to the protections provided by this Order;

WHEREAS, discovery could and likely will be directed in this action to non-parties that include requests for what those non-parties may consider confidential proprietary technical, business and financial information belonging to the non-party to whom the discovery is directed or to one of the parties, and

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Rule 10 of the Local General Rules of the United States District Court for the Northern District of Illinois, and this Court's Case Management Procedures, the Court hereby enters this Order limiting the disclosure of certain information produced or otherwise discovered. The parties (and other individuals and entities as stated herein) are hereby bound by the restrictions of this Order limiting the use of such information as provided.

IT IS HEREBY ORDERED that the following protective provisions shall govern any discovery conducted by the parties in this action:

1. In responding to discovery requests to this action, any party or non-party responding to a request for discovery (the "Responding Entity") may designate as "HIGHLY CONFIDENTIAL," consistent with Rule 26(c)(7) of the Federal Rules of Civil Procedure and the law of this Circuit, any documents, information or other material that contains what counsel in good faith believes to be a trade secret, the disclosure of which would tend to cause substantial harm to the responding party's legitimate business or privacy interests.

2. In addition to the right set forth in paragraph 1, a Responding Entity may designate as "CONFIDENTIAL," consistent with Rule 26(c)(7) of the Federal Rules of Civil Procedure and the law of this Circuit, any documents, information or other material that contain proprietary information, confidential research, private personal information, or commercially sensitive material, the disclosure of which would tend to cause substantial harm to the responding party's legitimate business or privacy interests.

3. Nothing in this Order shall serve to or have the effect of altering or eliminating the Court's Order dated January 4, 2008 (the "January 4 Order"), permitting the parties to engage in limited expedited discovery on a counsels' eyes only basis. Documents and other information

that is discovered and/or produced in accordance with the January 4 Order shall be designated "COUNSELS' EYES ONLY" and may be disclosed only to the persons identified in paragraphs 7(a), (b), (d) and (e) herein. Before physical production of any requested documents, the Responding Entity shall conspicuously mark the copies of documents which contain protectable information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY." All court filings which disclose protectable information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" shall also be marked in this manner, and the filing party shall seek leave of court to submit the filing under seal pursuant to paragraph 15, below.

4. The designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Order shall constitute the verification of counsel for the Responding Entity that the documents have been reviewed for compliance with the criteria of this Order and that the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is, in the good faith judgment of counsel, consistent with the terms of this Order.

5. Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be used by persons other than the Responding Entity only for the purpose of preparing for, conducting, or pursuing discovery, including third party discovery, and for pretrial, trial and appellate proceedings in the action styled as Clark Consulting, Inc. v. R. Scott Richardson, Case No. 07 C 7231 (N.D. Ill.) (the "Action") and for otherwise prosecuting or defending, or assisting in the prosecution or defense of the Action. No materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" will be used by the non-producing party for any business or competitive purposes. Counsel for each party shall take all

reasonable precautions necessary to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" and "COUNSELS' EYES ONLY" information. If "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" information submitted in accordance with the terms of this Order is disclosed to any person other than in the manner authorized by this Order or the January 4 Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other parties and, without prejudice to other rights and remedies of the other parties, must make every effort to prevent further disclosure by the person who received the information that is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY."

6.  A party shall not be obligated to challenge the propriety of designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time it is made, and failure to do so shall not preclude subsequent challenge thereto. At any stage of the Action (see paragraph 5, above) or thereafter, any party may challenge a designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If any party objects to the designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," such party shall state the objection by letter to counsel for the Responding Entity (whether a party or non-party) making the designation. The parties shall attempt, in good faith, to resolve any disagreement as to the protected nature of the information on an informal basis before seeking relief from the Court. Until an objection to the designation of a document or other information has been resolved by agreement of counsel or by order of the Court, the material shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall be subject to the terms of this Order. Nothing herein shall affect the Responding Entity's obligation to show good cause for the

protection of the information if any person files a motion disputing the Responding Entity's designation of discovery material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

7.　Except as the Court may otherwise expressly direct and subject to the further conditions imposed by this Order, material that is "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

(a)　Counsel for the parties to this action, and paralegals, assistants, office clerks, secretaries and other such personnel working under counsel's supervision;

(b)　Opinion witnesses and consultants retained by counsel for the parties in connection with this action, and other personnel employed directly by such persons who agree, in writing by executing an Agreement of Confidentiality in the form of that in Paragraph 9 below and annexed hereto as Exhibit A, to be bound by the terms of this Order.

(c)　Persons identified as deponents or trial witnesses by the parties and court reporters, provided the deponent or witness had access to the Highly Confidential material prior to this litigation or if the parties agree, and/or a nonparty Responding Party agrees, before the Highly Confidential material is shown to the deponent or witness that he or she may be shown those materials during the deposition or other testimony. In the event that the parties (or a nonparty Responding Party) agree that a deponent or witness may be shown materials marked "HIGHLY CONFIDENTIAL" during a deposition or other testimony, the witness must execute an Agreement of Confidentiality in the form of that in Paragraph 9 below and

annexed hereto as Exhibit A. Further, such Highly Confidential materials shown to witnesses during a deposition may also be shown to stenographers, videographers or other court reporters contracted to transcribe or record such depositions, but only if such persons are informed of the terms of the Order, provided with a copy of the Order and told, on the record, that they are required not to disclose materials designated "HIGHLY CONFIDENTIAL";

(d) The Court and court personnel, subject to the conditions of Paragraph 16 of this Order; and

(e) Such other persons as may be agreed by written stipulation of the Responding Entity and the party seeking to make the disclosure, or by further order of the Court.

8. Except as the Court may otherwise expressly direct and subject to the further conditions imposed by this Order, material that is "CONFIDENTIAL" may be disclosed only to the following persons:

(a) Counsel for the parties to this action, and paralegals, assistants, office clerks, secretaries and other such personnel working under counsel's supervision;

(b) Opinion witnesses and consultants, litigation consultants, and mock jurors who are not employed by or affiliated with any party, and their associates, assistants, and other personnel employed directly by such persons who agree, in writing by executing an Agreement of Confidentiality in the form of that in Paragraph 9 below, to be bound by the terms of this Order;

6

(c)   Persons identified as deponents and/or trial witnesses by the parties, and persons whom a party reasonably anticipates will be identified as deponents and/or trial witnesses, provided that such persons are informed of the terms of the Order, provided with a copy of the Order and told on the record, where applicable, that they are bound by the terms of the Order and are required not to disclose materials designated as "CONFIDENTIAL." Further, Confidential materials may be shown to stenographers, videographers or other court reporters contracted to transcribe or record such depositions, but only if such persons are informed of the terms of the Order, provided with a copy of the Order and told, on the record, that they are required not to disclose materials designated "CONFIDENTIAL";

(d)   Employees and former employees of the parties to this action;

(e)   The Court and court personnel, subject to the conditions of Paragraph 16 of this Order; and

(f)   Such other persons as may be agreed by written stipulation of the Responding Entity and the party seeking to make the disclosure, or by further order of the Court.

9.   Before giving possession of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material to any person as provided in paragraph 7(b), 7(c), 7(e), 8(b), 8(d) (but only to the extent of former employees), or 8(f), counsel for the party that receives such material that is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall first provide the

7

intended recipient with a copy of this Order, and shall cause him or her to execute the following written Agreement of Confidentiality, which counsel shall thereafter retain:

### Agreement of Confidentiality

I understand that I am being given access to "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" material pursuant to a Protective Order entered in the matter <u>Clark Consulting, Inc. v. R. Scott Richardson</u>, Case No. 07 C 7231 (N.D. Ill.). I have read the Protective Order and agree to be found by its terms with respect to the handling, use and disclosure of such "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" material. Before disseminating any protected information to any clerical or secretarial staff working under my supervision, I will advise them of the restrictions contained in this Protective Order and that said restrictions shall not be circumvented. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure. In consideration for me being allowed access to said information and documents in connection with this litigation, I further agree to be contractually bound by the terms of this Protective Order.

Except where specifically otherwise provided, persons identified in all other subparagraphs of this Order, including parties, are not required to execute an Agreement of Confidentiality but shall be advised of the restrictions of this Order and shall be informed by counsel and the party otherwise disseminating the protected information not to circumvent those restrictions or otherwise disclose the protected information. If a witness in a deposition is shown "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, the witness shall be admonished that such materials are confidential and may not be further disclosed or disseminated to any third person.

10. Anything in this Order to the contrary notwithstanding, any party may use the services of a photocopying service, printing and binding service, graphics service, or computer input service with regard to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material

8

without regard to the provisions of paragraphs 7 and 8 hereof, provided such services are advised of the confidential nature of the documents and agreement to maintain their confidentiality pursuant to the terms of paragraph 9.

11.　　If a Responding Entity inadvertently or otherwise produces documents or information in response to a discovery request or subpoena which a party believes to be "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" the Responding Entity or any party may designate or re-designate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the re-designated information, in which event the parties shall henceforth treat such information in accord with this Order, and shall undertake their best efforts to correct any disclosure of such information contrary to the re-designation, including retrieving any documents from persons not qualified to receive them under the re-designation and informing such persons that they should not further use or disseminate the information thereon. No demonstration or proof of error, inadvertence, or excusable neglect by the Responding Entity shall be required for such re-designation.

12.　　If any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" materials are disclosed through inadvertence or otherwise by a party who receives such information to any person or party not otherwise authorized to receive such information under this Order, then the party who is responsible for the disclosure shall (i) use its best efforts to obtain the return of such information and to bind such non-authorized person or party to the terms of this Order; (ii) within three (3) days of the discovery of such disclosure, inform such person or party of all provisions of this Order and request that such person or party sign the Agreement of Confidentiality in the form set forth in Paragraph 9; and (iii) within five

(5) days of the discovery of such disclosure, inform the Responding Entity of all pertinent facts relevant to such disclosure, including the identity of such person or party and the information disclosed thereto.

13. Inadvertent production of documents or information subject to the attorney-client privilege or work product immunity shall not constitute a waiver of such privilege. After receiving notice from the producing party that documents or information subject to the attorney-client privilege or work product immunity have been inadvertently produced, the Party Receiving the materials shall not review, copy or disseminate such documents or information. The party receiving such information shall return such documents or information and all copies of such documents or information to the producing party immediately.

14. If deposition testimony concerning "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" material is requested or elicited, counsel for the Responding Entity that produced the material may request that:

(a) the portions of the testimony, and the transcript thereof, disclosing such material be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY"; and

(b) the room in which the deposition is being taken shall, at the request of the Responding Entity, be closed except to persons who are permitted access to such documents under the terms of this Order or the January 4 Order or for questioning pertaining to such material.

Each Responding Entity shall have until twenty-one (21) days after receipt of a final deposition transcript to inform the parties, the deponent and other persons attending the deposition that certain portions of the transcript are designated "CONFIDENTIAL," "HIGHLY

10

CONFIDENTIAL" or "COUNSELS' EYES ONLY." This designation may also be made on the record at the time of the deposition. During these twenty-one (21) days, no deposition transcript, or contents thereof, shall be disclosed to any person other than those persons set forth in paragraphs 7 and 8, subject to the provisions of those paragraphs and paragraph 9. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" material, each party shall treat the designated pages of each transcript in its custody as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY." Additionally, the cover page of any deposition transcript containing testimony designated as confidential shall be marked "THIS TRANSCRIPT CONTAINS CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL INFORMATION -- SUBJECT TO PROTECTIVE ORDER."

15. Any party seeking to file documents containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" material with the Court must move the Court for leave to file such documents under seal in accordance with Local Rule 5.8, Local Rule 26.2, and the Court's Case Management Procedures. At the time of filing or any time thereafter, such material shall be placed in a sealed envelope, which shall be marked with the title of the action and shall state the following: "THIS ENVELOPE CONTAINS CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL INFORMATION — SUBJECT TO PROTECTIVE ORDER." The party that files a motion, memorandum or the like under seal shall, within five (5) days of the filing, file a public version of the sealed document with the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" material redacted.

16. Any person or entity that may produce materials or information in discovery in this case may make a designation pursuant to this Order. The producing party may designate any

document or other discovery material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" consistent with paragraphs 1, 2 and 3, above, and shall be entitled to the protections provided in this Order and the January 4 Order.

17. Any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" material designated by any party to be introduced at trial or as part of the record on appeal may be offered into evidence in open court unless the Responding Entity obtains an appropriate protective order from the District Court or the appellate court.

18. Within sixty (60) days of conclusion of this case in the District Court, all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" and "COUNSELS' EYES ONLY" material and all copies thereof shall be destroyed, except that counsel shall be entitled to retain all materials which constitute work product and such memoranda and pleadings embodying "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" and "COUNSELS' EYES ONLY" information to the extent necessary to preserve a file in this case, so long as such materials are maintained in accordance with the provisions hereof. Counsel for the parties shall affirm in writing and under the penalties of perjury that to the best of their knowledge, all such material has been destroyed in accordance with the terms of this paragraph 18. The terms of this paragraph 18 shall not apply if any appeal of the case in the District Court is pending.

19. The parties may obtain the return of any previously-sealed or previously-restricted documents by a motion filed within sixty (60) days of the conclusion of this case in the District Court. Any documents that are not so withdrawn will become part of the public case file.

20. If a party in possession of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" material receives a subpoena or other request seeking production or other disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS'

EYES ONLY" material, that party shall immediately give written notice to counsel for the Responding Entity that initially produced the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" material, stating the nature and type of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" material that has been sought and the date and time proposed for production or disclosure of the material. Any party objecting to the production or disclosure shall have the obligation to take action within ten (10) business days in the appropriate court or courts. In the event that such action is taken (e.g., a motion is filed), no "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" material that is the subject of said action to prevent disclosure shall be produced or disclosed without written approval by counsel of the objecting party or by further order of the appropriate court(s).

21.     Nothing contained in this Order shall prejudice in any way or waive in any respect the right of any Responding Entity (including non-parties) to assert any privilege as to any documents, whether or not designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" material pursuant to this Order. Counsel for a Responding Entity may redact or mask material deemed privileged and all documents containing redacted or masked material shall be so identified.

22.     Nothing contained in this Order shall preclude a party from objecting to the discoverability of any information.

23.     Nothing contained in this Order shall prejudice in any way the right of any party to seek by way of consent of all parties (with the exception of Paragraphs 15, 18 or 19) or by motion to the Court,

(a) Additional protection for specific items of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" material; or

(b) Relief from the provisions of this Order with respect to specific items or categories of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" materials; and

(c) Modification of the terms of the Order.

Entered this 25 day of January, 2008.

_____
Honorable Milton I. Shadur
Judge, United States District Court

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **CLARK CONSULTING, INC.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CASE NO. 07 C 7231** |
| v. | § | **Judge Shadur** |
| | § | |
| **R. SCOTT RICHARDSON,** | § | _____ |
| | § | |
| Defendant. | § | |

**Agreement of Confidentiality**

I, _____, understand that I am being given access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" material pursuant to a Protective Order entered in the matter Clark Consulting, Inc. v. R. Scott Richardson, Case No. 07 C 7231 (N.D. Ill.). I have read the Protective Order and agree to be found by its terms with respect to the handling, use and disclosure of such "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "COUNSELS' EYES ONLY" material. Before disseminating any protected information to any clerical or secretarial staff working under my supervision, I will advise them of the restrictions contained in this Protective Order and that said restrictions shall not be circumvented. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure. In consideration for me being allowed access to said information and documents in connection with this litigation, I further agree to be contractually bound by the terms of this Protective Order.

Executed this ____ day of _____, 2008    _____

NGEDOCS: 1497550.2

83505.000023 HW_US 2510883lv1