**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**CLARK CONSULTING, INC.,**

      **Plaintiff,**

  **v.**

**R. SCOTT RICHARDSON,**

      **Defendant.**

**Case No. 07C 7231**

**Judge Shadur**

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
ORIGINAL COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Defendant R. Scott Richardson ("Richardson" or "Defendant"), by and through its attorneys, Neal, Gerber & Eisenberg LLP, states as follows for his Answer and Affirmative Defenses to Plaintiff Clark Consulting, Inc.'s Original Complaint for Injunctive Relief and Damages:

**NATURE OF ACTION**

Plaintiff brings this suit for claims based on Richardson's (1) breach of the Illinois Trade Secret Act, (2) misappropriation of trade secrets and other confidential information, (3) breach of fiduciary duty and/or the duty of loyalty, (4) equitable estoppel, and (5) breach of contract.

**ANSWER:** Defendant admits that Plaintiff purports to bring the above-listed causes of action but denies that any act or omission by Defendant gives rise to such causes of action. Defendant denies that he acted unlawfully and further denies any remaining allegations in this Paragraph.

**PARTIES**

1. Clark is a corporation duly organized and existing under the laws of the State of Delaware and having offices and its principal place of business at 2100 Ross Avenue, Dallas, Texas 75201.

**ANSWER:** On information and belief, Defendant admits the allegations in Paragraph 1.

2.      Richardson is an individual over 18 years of age residing in the state of Illinois, at 3023 Long Common Parkway, Elgin, Illinois, 60123. Richardson has agreed to accept service of process upon his attorney, Jeffrey Bakker, Esq., Neal, Gerber & Eisenberg, LLP, Two North LaSalle Street, Suite 2200, Chicago, Illinois 60602.

**ANSWER:**      Defendant admits the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.      This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because this is an action between a Delaware citizen, Clark, and an Illinois citizen, Richardson, and because the matter in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:**      Defendant admits the allegations in Paragraph 3.

4.      Venue is proper in this district under 28 U.S.C. § 1391(a) because Richardson is subject to personal jurisdiction in and resides in this district. Venue is also proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**ANSWER:**      Defendant admits that venue is proper in this district but denies that any act or

omission by Defendant gives rise to the causes of actions that Plaintiff attempts to bring in its

Complaint.

## FACTUAL ALLEGATIONS

## HOW CLARK OPERATES

5.      Clark is in the business of, among other things, designing and implementing nonqualified executive and director employee benefit plans and Bank-owned Life Insurance ("BOLI") policies, and providing administrative services to clients associated with the implementation of such plans.

**ANSWER:**      Defendant admits the allegations in Paragraph 5.

6.      Clark's business relies heavily on its expertise in financial and technical legal requirements for benefit plans including BOLI policies, which enables Clark to increase shareholder value for the benefit of its clients.

**ANSWER:**      Defendant denies the allegations in Paragraph 6.

7.    Throughout its history, since 1967, Clark's commercial success has resulted from its ability to advise its clientele on the impact of changing tax and regulatory requirements.

**ANSWER:**    Defendant denies the allegations in Paragraph 7.


8.    Clark's Protectable Interest: Confidential, Proprietary and Trade Secret Information

**ANSWER:**    Paragraph 8 contains a fragmented, incomprehensible sentence.    Accordingly, Defendant denies the allegations in Paragraph 8.


9.    In connection with the development of it business, Clark has expended substantial time, labor and money, an amount which is not quantifiable, to research and develop certain confidential, proprietary and trade secret information, which includes its proprietary business methods and strategies, contract information, pricing methods and information, operating procedures, financial information, product information, legal advice and attorney/client privileged information, confidential consultant training information, "TOPS" reports, trade secret tax and benefit formulaic templates and data, modeling systems, confidential current client and prospect client data, and client proposals ("Confidential Information").

**ANSWER:**    Defendant denies the allegations in Paragraph 9.


10.    Clark has taken substantial measures and exercised due diligence to prevent its Confidential Information from becoming available to persons other than those selected by it to have access to this information in order to further its business. These actions include, among other things, non-disclosure and non-solicitation agreements signed by its employees, restricted employee access to files, and disclosure of information pertinent only to the employee's job functions.

**ANSWER:**    Defendant denies the allegations in Paragraph 10.


11.    Clark's Confidential Information is not available to its competitors through public sources; as such, a competitor would need to expend similar time and other investment in order to obtain the competitive advantage this information affords Clark. Even if another executive benefits provider and administrator undertook the significant time, effort and expense of generating a similar database, that product would not contain the same data as Clark's Confidential Information contains.

**ANSWER:**    Defendant denies the allegations in Paragraph 11.

12.    The Confidential Information is extremely valuable, could not be obtained from any other public source, was developed by Clark at great expense, is continually updated by Clark at continued substantial expense, and is one of Clark's main assets.

**ANSWER:**    Defendant denies the allegations in Paragraph 12.


13.    Richardson's Employment By Clark as Its Legal Counsel

**ANSWER:**    Paragraph 13 contains a fragmented, incomprehensible sentence.  Accordingly,

Defendant denies the allegations in Paragraph 13.


14.    Richardson was employed by Clark from February 5, 2000 to September 10, 2007, when he voluntarily terminated his employment.

**ANSWER:**    Defendant admits that his last day of employment with Clark was September 10,

2007, but he denies the remaining allegations in Paragraph 14.  Defendant further states that he

was hired on or about February 5, 2001, not February 5, 2000.


15.    From February 1, 2001 to July 1, 2005, Richardson was employed as legal counsel in Clark's Banking Practice ("Legal Counsel").

**ANSWER:**    Defendant admits that at one point he was employed by Clark as legal counsel,

but he denies the remaining allegations in Paragraph 15.


16.    As Legal Counsel, Richardson had the following duties and responsibilities, although this list is not comprehensive of all the duties Richardson performed:  managing litigation and other corporate legal issues; negotiating sales contracts, non-solicitation agreements and other business contracts; and supporting sales in the form of legal research and drafting non-qualified deferred compensation agreements.

**ANSWER:**    Defendant denies that he negotiated sales contracts, non-solicitation agreements

or other business contracts.  Defendant admits the remaining allegations in Paragraph 16.


17.    As Legal Counsel, Richardson owed Clark certain fiduciary duties, including the duty of loyalty.

**ANSWER:**   Defendant admits generally that during his employment with Plaintiff, he owed Plaintiff certain duties of loyalty, but he denies any suggestion that those duties were somehow elevated by virtue of his roles as legal counsel.  Defendant denies the remaining allegations in Paragraph 17.

18.     As Legal Counsel, Richardson either drafted and/or had access to and utilized a wide variety of Clark's Confidential Information.

**ANSWER:**   Defendant admits generally that during his employment with Plaintiff, he had access to certain confidential information.  Denies the remaining allegations of Paragraph 18.

19.     As Legal Counsel, Richardson drafted the "Clark Consulting - Banking Practice Non-disclosure and Non-solicitation Agreement" (the "Non-Disclosure/Non-Solicitation Agreement"), a true and correct copy of which is attached hereto as Exhibit A.

**ANSWER:**   Defendant admits that he assisted in drafting the Non-Disclosure/Non-Solicitation Agreement.  Defendant denies any suggestion that he was the sole drafter of the Agreement.

20.     Clark's consultants, their salespersons, were required to sign the Non-Disclosure/Non-Solicitation Agreement to protect, among other things, Clark's Confidential Information, including its trade secrets, current and prospective client lists, and other confidential information.

**ANSWER:**   Defendant denies the allegations in Paragraph 20.

21.     As Legal Counsel, Richardson was responsible for implementing the Non-Disclosure/Non-Solicitation Agreement, and ensuring, among other things, that Clark's consultants signed it.

**ANSWER:**   Defendant denies the allegations in Paragraph 21.

22.     As an employee of Clark, either as Legal Counsel or otherwise, Richardson was additionally required to sign an Employee Confidentiality Agreement (the "Confidentiality Agreement"), a true and correct copy of which is attached hereto at Exhibit B.

**ANSWER:**   Defendant admits the allegations in Paragraph 22.

23.     Clark's consultants, their salespersons, were required to sign the Confidentiality Agreement to identify and protect, among other things, Clark's Confidential Information, including its trade secrets, current and prospective client lists, and other confidential information. Paragraph four (4) of the Confidentiality Agreement entitles Clark to an injunction restraining Richardson from violations thereof. Exhibit B, p. 2, paragraph 4.

**ANSWER:**     Defendant admits that certain of Plaintiff's employees were required to sign a Confidentiality Agreement.  Because the Confidential Agreement speaks for itself, Defendant denies the remaining allegations in Paragraph 23.

24.     Richardson's Subsequent Employment as a Non-Lawyer Consultant

**ANSWER:**     Paragraph 24 contains a fragmented, incomprehensible sentence.  Accordingly, Defendant denies the allegations in Paragraph 24.

25.     Beginning on July 1, 2005, after drafting and implementing the Non-Disclosure/Non-Solicitation Agreement for use by Clark with consultants, Richardson himself moved from his role as Legal Counsel to that of consultant with Clark, although the transition of Richardson's duties required that he continue to fulfill some legal functions for a short time after July 1, 2005. In his new role as a consultant, however, Richardson began marketing and selling Clark's services to clients and potential clients, including executive benefit plans, including BOLI policies.

**ANSWER:**     Defendant denies that he implemented the Non-Disclosure/Non-Solicitation Agreement for use by Clark consultants, or that his role in drafting the Non-Disclosure/Non-Solicitation Agreement consisted of anything other than reducing the terms of that agreement, as prescribed by Clark executives and other employees, to writing.  Defendant admits the remaining allegations in Paragraph 25.

26.     As a consultant, Richardson was required to enter into the Non-Disclosure/Non-Solicitation Agreement for the protection of Clark's Confidential Information. Richardson signed the Non-Disclosure/Non-Solicitation Agreement on March 14, 2005, before he moved into the role of consultant with Clark.

**ANSWER:**     Defendant admits that on March 14, 2005, he signed the Non-Disclosure/Non-Solicitation Agreement in connection with his new role.  Defendant denies the remaining allegations in Paragraph 26.

27.     However, before Richardson signed the Non-Disclosure/Non-Solicitation Agreement, Richardson removed several phrases of the Non-Disclosure/Non-Solicitation Agreement. To wit, Clark's initial draft of the Non-Disclosure/Non-Solicitation Agreement, and the version Clark believes and alleges other consultants signed, contained several statements outlining the non-illusory consideration the consultant would receive in exchange for the restrictive covenants contained in the agreement. The version executed by Richardson, however, had those phrases conspicuously removed, in addition to other changes Richardson made to the Non-Disclosure/Non-Solicitation Agreement.

**ANSWER:**     Defendant denies the allegations in Paragraph 27.

28.     Richardson's Unauthorized Access and Downloading of Clark's Confidential Information.

**ANSWER:**     Paragraph 28 contains a fragmented, incomprehensible sentence.  Accordingly, Defendant denies the allegations in Paragraph 28.

29.     After signing the Confidentiality Agreement and the amended Non-Disclosure/Non-Solicitation Agreement, and in Richardson's new role as a consultant, as well as in his prior role as Legal Counsel, Richardson became knowledgeable about unique and competitively valuable confidential information pertaining specifically to Clark's clients and potential clients, information about which he would have had no knowledge but for his employment with Clark.

**ANSWER:**     Defendant denies the allegations in Paragraph 29.

30.     Shortly before he voluntarily terminated his employment, from August 1, 2007 through September 10, 2007, Richardson improperly accessed at least 22 electronic files, containing Confidential Information from his work laptop compute which was both issued and owned by Clark. Many of the files Richardson improperly accessed were housed on Clark's "L Drive," a storage drive for Clark's internal legal documents.

**ANSWER:**     Defendant admits that during his employment with Plaintiff, and specifically during the period August 1, 2007 through September 10, 2007, he may have accessed certain of

Plaintiff's files. Defendant states that he did so as part of his employment responsibilities.

Defendant denies the remaining allegations in Paragraph 30.

31.    These files were improperly accessed by Richardson in his consultant capacity at Clark. At the time of his access of these files, Richardson no longer had any legal duties for Clark, having long since completed the transition to his consultant-only position. The files on the L Drive are intended to be accessed by only those at Clark with a business reason to access them. As Richardson was no longer employed in a legal capacity with Clark, he had no business reason to gain access.

**ANSWER:**    Defendant denies the allegations in Paragraph 31.

32.    Richardson did, however, gain access to the L Drive, enabling him to view legal documents and materials. Much, if not all of the materials accessed and downloaded by Richardson were attorney-client privileged and sensitive documents.

**ANSWER:**    Defendant admits that he had lawful access to the L Drive, but denies the remaining allegations in Paragraph 32.

33.    At the time Richardson improperly accessed Clark's Confidential Information, he did not notify Clark that he had engaged in such unauthorized access of the information, nor was Clark otherwise aware of Richardson's conduct. Clark became aware that Richardson engaged in the unauthorized access of its Confidential Information only after Richardson voluntarily terminated his employment.

**ANSWER:**    Defendant denies the allegations in Paragraph 33.

34.    Clark Reminded Richardson of His Legal Obligations

**ANSWER:**    Paragraph 34 contains a fragmented, incomprehensible sentence. Accordingly, Defendant denies the allegations in Paragraph 34.

35.    On or about September 10, 2007, Richardson notified Clark of his intent to immediately terminate his employment and begin his own company competing directly with Clark in the BOLI market.

**ANSWER:**    Defendant admits that his last day of employment with Plaintiff was September 10, 2007. Defendant denies the remaining allegations in Paragraph 35.

36.    In a letter dated September 12, 2007, Clark acknowledged Richardson's resignation and reminded Richardson of his obligations under the Non-Disclosure/Non-Solicitation Agreement, including Richardson's confidentiality and non-disclosure duties. A true and correct copy of such letter is attached hereto as Exhibit C.

**ANSWER:**    Defendant admits that Clark sent a letter dated September 12, 2007, which contained the statements alleged above and which referenced the Non-Disclosure/Non-Solicitation Agreement.  The letter speaks for itself.  Defendant denies the remaining allegations in Paragraph 36.

37.    Richardson Violated His Legal Obligations By Soliciting Clark's Current and Prospective Clients and Misappropriating Clark's Confidential Information and Trade Secrets

**ANSWER:**    Paragraph 37 contains a fragmented, incomprehensible sentence.  Accordingly, Defendant denies the allegations in Paragraph 37.

38.    Notwithstanding this reminder, Richardson violated Clark's rights.   Upon information and belief, Richardson accepted a position with an Executive Benefits and BOLI firm, named Executive Benefit Options, LLC ("EBO"). EBO's website is *www eboptions.net,* which identifies Richardson as one of two Managing Members of EBO, and further states that Richardson is the "former head of Legal Services with Clark Consulting." *See,* Richardson EBOptions.net biography, attached hereto as Exhibit D.

**ANSWER:**    Defendant admits that he accepted a position with Executive Benefit Options ("EBO"), whose website is *www eboptions.net*.  Defendant further states that his EBO profile speaks for itself.  Defendant denies the remaining allegations in Paragraph 38.

39.    As a Managing Member of EBO, Richardson has solicited business from Clark's clients and prospective clients, in violation of his legal duties to Clark, in violation of the Non-Disclosure/Non-Solicitation Agreement. As an example, Richardson has solicited Forest Park National Bank & Trust Co., a former Clark client that Richardson worked with during his tenure with Clark, and worked a 1035 exchange in violation of the Non-Disclosure/Non-Solicitation Agreement.

**ANSWER:**    Defendant denies the allegations in Paragraph 39.

40.    Such solicitation violates Paragraphs 3(a) and 3(b) of the Non-Disclosure/Non-Solicitation Agreement, which state that for a period of twelve (12) months after the termination

of Richardson's employment with Clark, that he shall not: (a) "[d]irectly or indirectly, solicit away, or facilitate the solicitation away, from the Company of any Prospective Client of the Company; (b) [d]irectly or indirectly, solicit away, or facilitate the solicitation away, from the Company of any Client of the Company or induce same to limit, alter or reduce i relationship with the Company."

**ANSWER:**     Defendant admits that the above-quoted language appears in the Non-

Disclosure/Non-Solicitation Agreement, but denies the remaining allegations in Paragraph 40.


41.     Further, upon information and belief, Richardson has misappropriated Confidential Information that he accessed without authorization from Clark's systems, including attorney-client privileged information removed from the L Drive. Such misappropriation violates both the Confidentiality Agreement and the Non-Disclosure/Non-Solicitation Agreement.

**ANSWER:**     Defendant denies the allegations in Paragraph 41.


42.     To Clark's knowledge, Richardson has specifically targeted clients and prospective clients about whom he is aware because of his misappropriation of Confidential Information.

**ANSWER:**     Defendant denies the allegations in Paragraph 42.


43.     To Clark's knowledge, Richardson has sent form letters to Clark's clients and prospective clients because taking that action gives the impression that he is simply using publicly available data to notify prospective EBO customers of the entity for which he is a Managing Member, and the services that he believes he is able to provide. The reality, however, is far more sinister -- should any such target contact Richardson by virtue of the form letter, or a phone call, or whatever other method Richardson is utilizing to make contact with prospects, he has at his disposal non-public client identifying information owned by Clark that he has misappropriated to effectively solicit the target's business.

**ANSWER:**     Defendant denies the allegations in Paragraph 43.


44.     The Confidential Information Richardson has stolen could be used to, among other things, recreate a proposal that another Clark consultant, not Richardson, made to the prospective client using information the prospect has already provided to Clark, and that Clark has analyzed and used its expertise to evaluate. In this way, Richardson has the benefit of knowing exactly what Clark has proposed, why they made the proposal, and the tax and other ramifications of the proposal.

**ANSWER:**     Defendant denies the allegations in Paragraph 44.

45.     Nor could this information be recreated by Richardson if he simply understood the parameters of the proposal, or by using publicly available data. This information is unique, and the clients and prospective clients themselves do not even have access to the analyses Clark performs when it makes a proposal. For the most part, this is internal data shared among those at Clark with a need to know only. Simply put, by virtue of his misappropriation of Clark's Confidential Information, Richardson has the ability to take a significant, and anticompetitive, shortcut to put himself and EBO in an advantageous position for which Clark should be the beneficiary.

**ANSWER:**     Defendant denies the allegations in Paragraph 45.

46.     Using this Confidential Information, Richardson could offer clients and prospective clients discounts to place business with him or EBO, and to discontinue doing business with Clark or curtail their business relationships with Clark. But for his access to the Confidential Information he misappropriated, Richardson would have no way to replicate what Clark has analyzed and "costed" out for its proposals.

**ANSWER:**     Defendant denies the allegations in Paragraph 46.

47.     By this Complaint for Injunctive Relief and Damages, Clark does not seek to stymie competition in the marketplace. However, the data that Clark creates is unique and proprietary to Clark's business. What Clark seeks, among other things, is to enjoin Richardson from trading on information that he did not bear the expense of creating. Clark cannot allow a former employee to take and use information that provides Clark a competitive advantage as to other similarly-situated benefits providers.

**ANSWER:**     Defendant denies the allegations in Paragraph 47.

48.     To permit Richardson to use Clark's trade secret information, attorney/client privileged documents, and other confidential clientele information acquired both during Richardson's employment and as a result of his last minute scouring of Clark's computer system would deprive Clark of its efforts to develop business, confidential client lists, and prospective customers.

**ANSWER:**     Defendant denies that he has used, or that he seeks to use, Plaintiff's trade secret information, attorney/client privileged documents, or other confidential information.  Defendant denies the remaining allegations in Paragraph 48.

## COUNT I - BREACH OF THE ILLINOIS TRADE SECRET ACT

49.     Clark incorporates by reference the allegations in Paragraphs 1-42 above.

**ANSWER:**     Defendant incorporates by reference his answers to Paragraphs 1-42 above.


50.     There has at all pertinent times been in effect in the State of Illinois an act known as the "Illinois Trade Secrets Act," 765 ILCS 1065/1 et seq. (1988) (formerly found at Ill. Rev. Stat. ch. 140, 351).

**ANSWER:**     Defendant admits that there is an Illinois Trade Secrets Act, but denies that any

act or omission by Defendant violated that Act.


51.     The Trade Secret Act defines "trade secrets" as:

> information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:
>
> (1)     is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and
>
> (2)     is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

**ANSWER:**     Defendant admits that the above-quoted language appears in the Illinois Trade

Secrets Act, but denies that any act or omission by Defendant violated that Act.


52.     The Trade Secrets Act defines the term "misappropriation" as:

> (1)     acquisition of a trade secret of a person by another person who knows or has reason to know that the trade secret was acquired by improper means; or
>
> (2)     disclosure or use of a trade secret of a person without express or implied consent by another person who:
>
> > (A)     used improper means to acquire knowledge of the trade secret; or
> >
> > (B)     at the time of disclosure or use, knew or had reason to know that knowledge of the trade secret was:
> >
> > > (I)     derived from or through a person who utilized improper means to acquire it;

> (II)     acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
>
> (III)    derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
>
> (C)     before a material change of position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

**ANSWER:**     Defendant admits that the above-quoted language appears in the Illinois Trade Secrets Act, but denies that any act or omission by Defendant violated that Act.

53.     The Trade Secrets Act defines the term "improper means" as:

> includ[ing] theft, bribery, misrepresentation, breach or inducement of a breach of a confidential relationship or other duty to maintain secrecy or limit use, or espionage through electronic or other means. Reverse engineering or independent development shall not be considered improper means.

**ANSWER:**     Defendant denies the allegations in Paragraph 53.

54.     Clark sought to protect its Confidential Information from disclosure from, among other things, the use of the Non-Disclosure/Non-Solicitation Agreement, drafted by Richardson, and the Confidentiality Agreement.

**ANSWER:**     Defendant denies the allegations in Paragraph 54.

55.     Richardson intentionally and without permission accessed and took from Clark trade secret, confidential and proprietary information.

**ANSWER:**     Defendant denies the allegations in Paragraph 55.

56.     This information was used by Richardson to assist in the start-up, development and continued operation of EBO, a direct competitor of Clark.

**ANSWER:**     Defendant denies the allegations in Paragraph 56.

57. Clark's Confidential Information, improperly obtained by Richardson, is sufficiently secret to derive economic value from, is not generally known to others, and cannot be readily ascertained from any other source.

**ANSWER:**    Defendant denies the allegations in Paragraph 57.

58. Clark at all times had a protectable business interest in these documents and has sought to maintain and protect its protectable interest.

**ANSWER:**    Defendant denies the allegations in Paragraph 58.

59. Richardson has obtained and used or disclosed this Confidential Information in violation of a fiduciary, confidential and/or contractual relationship with Clark.

**ANSWER:**    Defendant denies the allegations in Paragraph 59.

60. Richardson misappropriated Clark's trade secrets knowingly, willfully, maliciously, intentionally, and in bad faith.

**ANSWER:**    Defendant denies the allegations in Paragraph 60.

61. The Trade Secrets Act empowers this Court to enjoin Richardson's actual, inevitable or threatened misappropriation of Clark's trade secrets (765 ILCS 1065/3); to award damages, including "both the actual loss caused by the misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss" (765 ILCS 1065/4); and to award Clark its attorneys' fees for willful and malicious misappropriation (765 ILCS 1065/5).

**ANSWER:**    Defendant admits that this Court has the authority to enforce the Illinois Trade Secrets Act, but denies that any act or omission by Defendant violated the Act. Defendant denies the remaining allegations in Paragraph 61.

WHEREFORE, Clark prays that this Court enter an order:

a. Enjoining and restraining Richardson, and anyone working in concert with him, pursuant to the Trades Secrets Act, from disclosing, misappropriating, or using any trade secrets of Clark;

b. Requiring Richardson, and anyone acting in concert with him, to immediately

turn over without keeping any copies of any and all Clark documents and Confidential Information;

       c.      Awarding Clark compensatory damages including the actual loss by the misappropriation in an amount to be proved at trial;

       d.      Awarding Clark exemplary damages, given Richardson's willful and malicious conduct;

       e.      Awarding Clark its attorneys' fees and costs incurred in this action; and

       f.      For such other and further relief as the Court deems necessary and just.

**ANSWER:**     Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II - BREACH OF FIDUCIARY DUTY AND THE DUTY OF LOYALTY

       62.     Clark incorporates by reference the allegations in Paragraphs 1-55 above.

**ANSWER:**     Defendant incorporates by reference his answers to the allegations in Paragraph 1-55 above.

       63.     As both an employee and, importantly, Legal Counsel, Richardson owed Clark fiduciary duties and a duty of loyalty and fairness, which included a duty not to actively exploit his position with Clark for his own personal benefit, or hinder the ability of Clark to compete.

**ANSWER:**     Defendant admits generally that during his employment with Plaintiff, he owed Plaintiff certain duties of loyalty, but he denies any suggestion that those duties were somehow elevated by virtue of his roles as legal counsel.  Defendant denies the remaining allegations in Paragraph 63.

       64.     Richardson breached his fiduciary duties and legal obligations, accessing and misappropriating trade secret, confidential, and/or proprietary information directly prior to his resignation in order to form EBO.

**ANSWER:**     Defendant denies the allegations in Paragraph 64.

65.     Richardson further breached his fiduciary duties and legal obligations to Clark by then using this Confidential Information to solicit business for himself and/or EBO.

**ANSWER:**     Defendant denies the allegations in Paragraph 65.


66.     Richardson's breach has caused injury to Clark in its efforts to develop business, maintain and develop confidential client lists, and develop prospective clients. Richardson's breach has further caused Clark injury in that Richardson has improperly accessed and stolen trade secret, confidential and proprietary information for Richardson's personal use. Richardson's actions have proximately caused, and unless enjoined, will continue to cause irreparable injury to lark for which Clark has no adequate remedy at law.

**ANSWER:**     Defendant denies the allegations in Paragraph 66.


WHEREFORE, Clark prays that this Court enter an order:

a. Ordering Richardson to disgorge and forfeit any and all compensation paid to him during the period that he was in breach of his fiduciary duties to Clark, along with all other relief that this Court deems necessary and just;

b.     Enjoining and restraining Richardson, and anyone acting in concert with him, from disclosing, misappropriating, or using any of Clark's Confidential Information;

c.     Requiring Richardson, and anyone acting in concert with him, to immediately turn over all originals and copies of any and all Clark Confidential Information;

d.     Awarding Clark compensatory damages;

e.     Awarding Clark exemplary damages, given Richardson's willful and malicious conduct;

f.     Awarding Clark its costs incurred in this action; and

g.     For such other and further relief as the Court deems necessary and just.

**ANSWER:**     Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT III - EQUITABLE ESTOPPEL

67.    Clark incorporates by reference the allegations in Paragraphs 1-63 above.

**ANSWER:**    Defendant incorporates by reference his answers to the allegations in Paragraph 1-63 above.

68.    Richardson, an attorney fully aware of the legal ramifications of contract law, signed the Confidentiality Agreement.

**ANSWER:**    Defendant lacks knowledge of the meaning of the term "legal ramifications of contract law;" and therefore denies that he was "fully aware" of such.  Defendant admits the remaining allegations in Paragraph 68.

69.    Richardson drafted the Non-Disclosure/Non-Solicitation Agreement for the benefit of Clark to protect, among other things, Clark's trade secret and/or confidential information.

**ANSWER:**    Defendant admits that he assisted in drafting the Non-Disclosure/Non-Solicitation Agreement, but denies any suggestion that he was the sole drafter of the Agreement.  Defendant denies the remaining allegations in Paragraph 69.

70.    Before assuming a role as a consultant subject to the strictures of the Non-Disclosure/Non-Solicitation Agreement, Richardson modified the agreement to make it substantially more beneficial to Richardson.

**ANSWER:**    Defendant denies the allegations in Paragraph 70.

71.    Richardson, an attorney fully aware of the legal ramifications of contract law, signed the Non-Disclosure/Non-Solicitation Agreement.

**ANSWER:**    Defendant lacks knowledge of the meaning of the term "legal ramifications of contract law;" and therefore denies that he was "fully aware" of such.  Defendant admits the remaining the allegations in Paragraph 71.

72.     Richardson breached his common law and contractual duties to Clark by accessing and stealing Clark's Confidential Information prior to his resignation in order to further his own personal business.

**ANSWER:**     Defendant denies the allegations in Paragraph 72.

73.     Richardson breached the very agreement he drafted by then using Clark's confidential client information to further his own personal business.

**ANSWER:**     Defendant denies the allegations in Paragraph 73.

74.     Richardson should be equitably estopped from claiming that the Non-Disclosure/Non-Solicitation Agreement that he drafted in his capacity as general counsel for Clark is unenforceable.

**ANSWER:**     Defendant denies the allegations in Paragraph 74.

75.     Further, Richardson should be equitably estopped from using, in any way, the trade secret, confidential or proprietary information that he improperly stole from Clark.

**ANSWER:**     Defendant denies the allegations in Paragraph 75.

76.     Richardson's actions have caused injury to Clark in its efforts to develop business, maintain and develop confidential client lists, and develop prospective customers. Richardson's actions have further caused Clark injury in that Richardson has improperly accessed and stolen trade secret, confidential and proprietary information for Richardson's personal use. Richardson's actions have proximately caused, and unless enjoined, will continue to cause irreparable injury to lark for which Clark has no adequate remedy at law.

**ANSWER:**     Defendant denies the allegations in Paragraph 76.

WHEREFORE, Clark prays that this Court enter an order:

a.     Enjoining and restraining Richardson, and anyone acting in concert with him, from disclosing, misappropriating, or using any of Clark's Confidential Information;

b.     Requiring Richardson, and anyone acting in concert with him, to immediately turn over all originals and copies of any and all Clark Confidential Information;

c.     Awarding Clark compensatory damages;

d.      Awarding Clark exemplary damages, given Richardson's willful and malicious conduct;

e.      Awarding Clark its and costs incurred in this action; and

f.      For such other and further relief as the Court deems necessary and just.

**ANSWER:**      Defendant denies that Clark is entitled to any relief whatsoever.

## COUNT IV - BREACH OF CONTRACT
## (EMPLOYEE CONFIDENTIALITY AGREEMENT)

77.      Clark incorporates by reference the allegations in Paragraphs 1-70 above.

**ANSWER:**      Defendant incorporates by reference his answers to the allegations in Paragraph 1-70 above.

78.      Clark and Richardson entered into the Confidentiality Agreement, a valid and enforceable contract, on January 25, 2001.

**ANSWER:**      Defendant admits that the parties entered into the Confidentiality Agreement on or about January 25, 2001.  Defendant denies the remaining allegations in Paragraph 78.

79.      Clark fully performed its obligations under the Confidentiality Agreement with Richardson.

**ANSWER:**      Defendant denies the allegations in Paragraph 79.

80.      The Confidentiality Agreement remains valid and in full force and effect.

**ANSWER:**      Defendant denies the allegations in Paragraph 80.

81.      Richardson breached the Confidentiality Agreement by improperly accessing and taking trade secret and/or confidential information from Clark to facilitate his solicitation of Clark's clients and prospective clients.

**ANSWER:**      Defendant denies the allegations in Paragraph 81.

82.    Richardson's breach has caused injury to Clark in its efforts to develop business, maintain and develop confidential client lists, and develop prospective customers. Richardson's breach has further caused Clark injury in that Richardson has improperly accessed and stolen trade secret, confidential and proprietary information for Richardson's personal use. Richardson's actions have proximately caused, and unless enjoined, will continue to cause irreparable injury to lark for which Clark has no adequate remedy at law.

**ANSWER:**    Defendant denies the allegations in Paragraph 82.

WHEREFORE, Clark prays that this Court enter an order:

a.    Enjoining Richardson from breaching the Confidentiality Agreement; 17

b.    Enjoining and restraining Richardson, and anyone in active concert with him, from directly or indirectly soliciting or inducing any clients or prospective clients of Clark from purchasing products from any other source or to withdraw or cancel their business with Clark for a period of twelve (12) months or such other length of time as the Court deems fair and reasonable from the date of this Order;

c.    Enjoining and restraining Richardson, and anyone in active concert with him, from disclosing, copying, or using any Clark Confidential Information;

d.    Requiring Richardson, and anyone acting in concert with him, to immediately turn over without keeping any copies of any and all Clark documents and Confidential Information;

e.    Order an accounting of all revenues and other benefits Richardson has derived, directly or indirectly, from his breaches of the Confidentiality Agreement;

f.    Awarding Clark its costs incurred in this action; and

g.    For such other and further relief as the Court deems necessary and just.

**ANSWER:**    Defendant denies that Clark is entitled to any relief whatsoever.

## COUNT V - BREACH OF CONTRACT
## (NON-DISCLOSURE AND NON-SOLICITATION AGREEMENT)

83.     Clark incorporates by reference the allegations in Paragraphs 1- 76 above.

**ANSWER:**     Defendant incorporates by reference his answers to the allegations in Paragraph 1-76 above.

84.     Clark and Richardson entered into the Non-Disclosure/Non-Solicitation Agreement, a valid and enforceable contract, on March 14, 2005.

**ANSWER:**     Defendant admits that the parties entered into the Non-Disclosure/Non-Solicitation Agreement on or about March 14, 2005.  Defendant denies the remaining allegations in Paragraph 84.

85.     Clark fully performed its obligations under the Non-Disclosure/Non-Solicitation Agreement with Richardson.

**ANSWER:**     Defendant denies the allegations in Paragraph 85.

86.     The Non-Disclosure/Non-Solicitation Agreement remains valid and in full force and effect.

**ANSWER:**     Defendant denies the allegations in Paragraph 86.

87.     Richardson breached the Non-Disclosure/Non-Solicitation Agreement by improperly accessing and taking trade secret and/or confidential information from Clark to facilitate his solicitation of Clark's clients and prospective clients.

**ANSWER:**     Defendant denies the allegations in Paragraph 87.

88.     Richardson's breach has caused injury to Clark in its efforts to develop business, maintain and develop confidential client lists, and develop prospective customers. Richardson's breach has further caused Clark injury in that Richardson has improperly accessed and stolen trade secret, confidential and proprietary information for Richardson's personal use. Richardson's actions have proximately caused, and unless enjoined, will continue to cause irreparable injury to lark for which Clark has no adequate remedy at law.

**ANSWER:**     Defendant denies the allegations in Paragraph 88.

WHEREFORE, Clark prays that this Court enter an order:

a.      Enjoining Richardson from breaching the Non-Disclosure/Non-Solicitation Agreement;

b.      Enjoining and restraining Richardson, and anyone in active concert with him, from directly or indirectly soliciting or inducing any clients or prospective clients of Clark from purchasing products from any other source or to withdraw or cancel their business with Clark for a period of twelve (12) months or such other length of time as the Court deems fair and reasonable from the date of this Order;

c.      Enjoining and restraining Richardson, and anyone in active concert with him, from disclosing, copying, or using any Clark Confidential Information;

d.      Requiring Richardson, and anyone acting in concert with him, to immediately turn over without keeping any copies of any and all Clark documents and Confidential Information ;

e.      Order an accounting of all revenues and other benefits Richardson has derived, directly or indirectly, from his breaches of the Non-Disclosure/Non-Solicitation Agreement;

f.      Awarding Clark its costs incurred in this action; and

g.      For such other and further relief as the Court deems necessary and just.

**ANSWER:**    Defendant denies that Clark is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

For his Affirmative Defenses, Defendant states as follows:

**First Affirmative Defense**:

The restrictive covenants contained in the Non-Disclosure/Non-Solicitation Agreement and the Confidentiality Agreement are overbroad, without consideration, and unenforceable as a

matter of law.

**Second Affirmative Defense**:

Plaintiff has no protectable interest in its alleged trade secrets, confidential and proprietary information, or customer relationships, and, therefore, the restrictive covenants contained in the Non-Disclosure/Non-Solicitation Agreement and the Confidentiality Agreement are unenforceable as a matter of law.

**Third Affirmative Defense**:

The non-solicitation covenants of the Non-Disclosure/Non-Solicitation Agreement are, by that Agreement's own terms, inapplicable to Defendant because he was involuntarily terminated by Plaintiff through a reduction in force.

**Fourth Affirmative Defense**:

Plaintiff is precluded from enforcing the restrictions in the Non-Disclosure/Non-Solicitation Agreement and the Confidentiality Agreement due to the doctrine of unclean hands.

**Fifth Affirmative Defense**:

Plaintiff terminated Defendant's employment as part of a company-wide reorganization, and informed Defendant, and other affected employees, that it would not enforce the terms of the Non-Disclosure/Non-Solicitation Agreement.  Accordingly, Plaltinff's claims are barred by the doctrines of waiver and estoppel.

**Sixth Affirmative Defense**:

Plaintiff cannot enforce the Non-Disclosure/Non-Solicitation Agreement and Confidentiality Agreement because of bad faith termination.

**Seventh Affirmative Defense**:

Counts II and III are preempted by the Illinois Trade Secrets Act ("ITSA") because they are based on the same operative facts (misappropriation of Plaintiff's alleged trade secrets and associated confidential information) as Plaintiff's ITSA claim in Count I.

**Eighth Affirmative Defense**:

Count III, which purports to assert a claim under a theory of equitable estoppel, is barred because quasi-contractual relief is available only in the absence of an express agreement and, here, Plaintiff has specifically based Count III on the presence—and alleged breach—of two express agreements.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, enter judgment in his favor, and award him his attorneys' fees and costs and other relief that this Court deems just and necessary.

Dated: February 26, 2008                    Respectfully submitted,

                                            **R. SCOTT RICHARDSON**


                                            By:    s/ Michael F. Hughes
                                                    One of His Attorneys

Chad W. Moeller
Michael F. Hughes
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 2200
Chicago, IL  60602-3801
(312) 269-8000

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 26th day of February, 2008, the foregoing **Defendant's Answer and Affirmative Defenses to Plaintiff's Original Complaint for Injunctive Relief and Damages** was filed electronically with the Clerk of the Court and served by operation of the Court's electronic filing system upon:

Thomas S. Bradley
Gregory R. James, Jr.
Laner, Muchin, Dombrow, Becker, Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois  60610
Telephone:  (312) 467-9800
Fax:  (312) 467-9479

-and-

Alan J. Marcuis
Hunton & Williams LLP
1445 Ross Avenue Suite 3700
Dallas, Texas 75202-2799
Telephone: (214) 979-3060
Fax: (214) 880-0011


s/ Michael F. Hughes
Attorney for Defendant

NGEDOCS: 1507277.3