IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARK CONSULTING, INC. § | | |
| § | | |
| Plaintiff, § | | |
| § | CASE NO. 07 C 7231 | |
| v. § | Judge Shadur | |
| § | | |
| R. SCOTT RICHARDSON, § | _____ | |
| § | | |
| Defendant. § | | |
| § | | |

### PLAINTIFF'S MOTION FOR RULE TO SHOW CAUSE FOR EXECUTIVE BENEFIT OPTIONS, INC.'S FAILURE TO RESPOND TO SUBPOENA AND DISCOVERY REQUESTS

Plaintiff, Clark Consulting, Inc. ("Clark"), by and through its attorneys, respectfully requests that this Court enter a Rule to Show Cause order against Executive Benefit Options, Inc. ("EBO"), for its total failure to substantively respond to Clark's Subpoena and Requests for Production and Inspection, served on May 1, 2008. In support of this Motion, Clark states the following:

1. Clark is in the business of, among other things, designing and implementing nonqualified executive and director employee benefit plans and Bank-owned Life Insurance ("BOLI") policies, and providing administrative services to clients associated with the implementation of such plans. Clark's business relies heavily on its expertise in financial and technical legal requirements for benefit plans including BOLI policies, which enables Clark to increase shareholder value for the benefit of its clients.

2. Defendant R. Scott Richardson ("Richardson") was employed by Clark from February 5, 2000 to September 10, 2007, when he voluntarily terminated his employment.

During his course of his employment with Clark, Richardson served first as Clark's legal counsel and subsequently as a non-lawyer consultant for Clark. In both of these capacities, Richardson was privy to Clark's confidential, trade secret and privileged information.

3. As described more fully in its Original Complaint for Injunctive Relief and Damages, on file with this Court, Clark discovered that just prior to his voluntary termination with Clark, Richardson improperly accessed several files on his work-issued computer, including Clark's confidential, trade secret and/or privileged information (the "Confidential Information"). In order to protect this Confidential Information from disclosure and/or misuse by Richardson, Clark instituted this suit.

4. To accurately determine the extent of Confidential Information Richardson improperly took from Clark, this Court granted Clark's Motion for Expedited Discovery on Richardson on January 4, 2008.

5. Upon information and belief, after his resignation from Clark, Richardson accepted a position with an Executive Benefits and BOLI firm, named Executive Benefit Options, LLC ("EBO"). EBO's website is *www.eboptions.net*, and identifies Richardson as one of two Managing Members of EBO, and further states that Richardson is the "former head of Legal Services with Clark Consulting." *See* Original Complaint for Injunctive Relief and Damages at its Exhibit D.

6. EBO engages in the same or similar business as Clark; the sale of executive benefit plans, including BOLI policies. *See* www.ebooptions.net.

7. Clark reasonably fears that its Confidential Information may have been transferred to EBO by Richardson in the furtherance of EBO's business and for EBO's profit.

8. Accordingly, in order to determine whether Richardson did, in fact, transfer Clark's Confidential Information to EBO, Clark propounded limited, pointed discovery upon EBO pursuant to a Fed. R. Civ. P. 45 Subpoena on May 1, 2008.[1] A true and correct copy of that Subpoena and Requests for Production and Inspection are attached hereto, to the Affidavit of Gregory James (the "James Affidavit"), aS Exhibit 1 at its Exhibit A.

9. On May 15, 2008, Thomas Christensen, counsel for EBO, responded to Clark's Subpoena and Requests for Production and Inspection to EBO by broadly objecting to each and every request, providing no substantive response whatsoever, and including a cover letter characterizing Clark's requests as "preposterous" and harassing and threatening sanctions if Clark pursued the subpoena and discovery any further. A true and correct copy of EBO's cover letter and response to discovery are attached to the James Affidavit at its Exhibit B.

10. Specifically, in Request number 1, Clark seeks the production of documents or other information regarding Clark's Confidential Information, or the use of that information, from EBO. EBO objects to this Request by stating that it is not relevant, not reasonably calculated to lead to discoverable evidence, vague and ambiguous, and calls for a legal conclusion and speculation. EBO's objections to this request are baseless because Clark has clearly and specifically tailored this request to capture only that information that makes use of Clark's Confidential Information. This narrow request is clear, unambiguous, limited in scope, obviously relevant and reasonably calculated to lead to the discovery of evidence, in order to prove Clark's claims against Richardson. Such a request is reasonable and should be substantively addressed by EBO.

---

[1] This discovery consisted of substantively the same discovery requests as those propounded on Richardson pursuant to this Court's order granting limited expedited discovery.

11. In Request number 2, Clark seeks any documents between EBO and any third party regarding Clark. Again, EBO makes the baseless objection that this request is not relevant, not reasonably calculated to lead to discoverable evidence and overly burdensome. Again, Clark has narrowly tailored this Request to capture only those documents, communications or other information regarding Clark. Such a request is reasonable and should be substantively addressed by EBO.

12. In Request number 3, Clark specifically seeks the production of any Clark Confidential Information being used by EBO in its business. Again, this request is specific to Clark and narrowly tailored to capture the Confidential Information that Clark has a legitimate legal interest in protecting. Such a request is reasonable and should be substantively addressed by EBO.

13. As for the remainder of Clark's discovery requests, Clark has a legitimate need to determine the extent of EBO's involvement, if any, with the misuse of Clark's Confidential Information. Accordingly, Clark's requests for production and inspection, few in number and narrowly tailored in scope, should be completely and substantively answered by EBO.

14. On May 16, 2008, Clark's counsel initiated a telephone call to Mr. Christensen to determine whether EBO would produce any of the requested information and whether the parties could reach some agreement regarding discovery prior to resorting to this Court for relief. Such an agreement could not be reached. James Affidavit, par. 4.

15. Because of its legitimate concern regarding the protection of its Confidential Information, Clark brings this Motion asking this Court to enter a Rule to Show Cause Order against EBO.

WHEREFORE, Plaintiff, Clark Consulting, Inc., respectfully requests that this Court: (1) enter a Rule to Show Cause Order against EBO, requiring EBO to show cause regarding why EBO should not be held in contempt and sanctioned for its total failure to substantively comply with Clark's subpoena and discovery requests; (2) award the attorneys' fees and costs incurred by Clark for having to bring this Motion; and (3) award such other relief as this Court deems appropriate.

Dated: June 2, 2008

                                        CLARK CONSULTING, INC.

                                        By: s:/Gregory R. James, Jr.
                                        Thomas S. Bradley (06199054)
                                        Gregory R. James (06198667)
                                        Laner, Muchin, Dombrow, Becker,
                                         Levin and Tominberg, Ltd.
                                        515 North State Street, Suite 2800
                                        Chicago, Illinois 60610-4324
                                        Telephone: (312)467-9800
                                        Fax: (312) 467-9479

                                    **HUNTON & WILLIAMS, LLP**

                                        David C. Lonergan
                                        Texas State Bar No. 12513500
                                        Alan J. Marcuis
                                        Texas State Bar No. 24007601
                                        Sarah E. Wallner
                                        Texas State Bar No. 24051488
                                        Fountain Place
                                        1445 Ross Ave. Suite 3700
                                        Dallas, Texas  75202-2799
                                        (214) 979-3000
                                        (214) 880-001 (fax

                                    PRO HAC VICE MOTION TO BE FILED

                                    **ATTORNEYS FOR PLAINTIFF CLARK CONSULTING, INC.**

**CERTIFICATE OF SERVICE**

I, Gregory James, an attorney, hereby certify that I caused the foregoing Defendant's Motion for Rule to Show Cause for EBO's Failure to Comply with Discovery Requests to be served on the party of record listed below, via the operation of the Court's ECF filing system on this 2nd day of June, 2008 to:

>Chad Moeller, Esq.
>Jeffrey Bakker, Esq.,
>Neal, Gerber, & Eisenberg, LLP.,
>Two North LaSalle Street, Suite 2200,
>Chicago, Illinois 60602
>312/269-5370 phone
>312/269-1747 facsimile
>cmoeller@ngelaw.com

via fax and U.S. mail, proper postage pre-paid, by depositing in the mail at 515 N. State Street, Suite 2800, Chicago, Illinois, 60610 before 5:00 p.m. to:

>Thomas A. Christensen, Esq.
>Huck Bouma
>1755 South Naperville Road - Suite 200
>Wheaton, Illinois 60187
>630/221-1756 facsimile
>tchristensen@huckbouma.com

>S:/Gregory R. James, Jr.
>Gregory R. James