# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLARK CONSULTING, INC.,           )
          )
          **Plaintiff,**        )   Case No. 07-7231
          )
vs.          )   **Judge Shadur**
          )   **Magistrate Judge Ashman**
R. SCOTT RICHARDSON,        )
          )
          **Defendant.**    )

**NOTICE OF SUBPOENA DEUCES TECUM**

**TO:**   Chad Moeller, Esq.
      Jeffrey Bakker, Esq.,
      Neal, Gerber, & Eisenberg, LLP.,
      Two North LaSalle Street, Suite 2200,
      Chicago, Illinois 60602

PLEASE TAKE NOTICE that pursuant to FRCP 30, we have issued a subpoena

*deuces tecum* to Executive Benefit Options for documents to be produced by May 16, 2008 at

the law offices of Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd., 515 North State

Street, Suite 2800, Chicago, Illinois, 60610. A true and correct copy of said subpoena is

attached.

Dated: May 1, 2008

_____
Thomas S. Bradley (06199054)
Gregory R. James, Jr. (06198667)
Laner, Muchin, Dombrow, Becker,
  Levin & Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
(312) 467-9800 phone
(312)-467-9479 facsimile
tbradley@lanermuchin.com
gjames@lanermuchin.com

**HUNTON & WILLIAMS LLP**

David C. Lonergan
Texas State Bar No. 12513500
Alan J. Marcuis
Texas State Bar No. 24007601
Sarah E. Wallner
Fountain Place
1445 Ross Avenue; Suite 3700
Dallas, Texas 75202-2799
(214) 979-3000
(214) 880-0011 (fax)
dlonergan@hunton.com
amarcuis@hunton.com
swallner@hunton.com

**ATTORNEYS FOR PLAINTIFF CLARK
CONSULTING, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Notice of Subpoena Deuces Tecum* has been served by placing the same in the U.S. Mail located at 515 North State Street, Chicago, Illinois 60610, postage prepaid, before the hour of 5:00 p.m. on this 1st day of May addressed to:

> Chad Moeller, Esq.
> Jeffrey Bakker, Esq.,
> Neal, Gerber, & Eisenberg, LLP.,
> Two North LaSalle Street, Suite 2200,
> Chicago, Illinois 60602
> 312/269-5370 phone
> 312/269-1747 facsimile
> cmoeller@ngelaw.com

Thomas S. Bradley

AO88 (Rev. 12/06) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

CLARK CONSULTING, INC.,

      Plaintiff,

              v.

R. SCOTT RICHARDSON,

      Defendant

## SUBPOENA DUCES TECUM IN A CIVIL CASE

Case Number: 07-C-7231

TO:     Custodian of Records
        **Executive Benefit Options, LLC**
        1901 Butterfield Rd, Ste 450
        Downers Grove, IL 60515

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See "Exhibit A" attached to Subpoena.**

| PLACE<br>Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd.<br>Attn: Thomas S. Bradley, Esq.<br>515 North State Street, Suite 2800<br>Chicago, Illinois 60610 | DATE AND TIME<br>Friday, May 16, 2008; 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Plaintiff | May 1, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas S. Bradley, Esq.
Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
312.467.9800

(See Rule 45. Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e). on next page)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | May 1, 2008 | 1901 Butterfield Rd., Ste 1950, Downers Grove, IL |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Keeper of Records – Executive Benefit Options | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Denise L. Kato | Paralegal |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ May 1, 2008 _____
                    DATE

_____
SIGNATURE OF SERVER

515 N. State Street, Ste 2800, Chicago, IL 60610
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

83505.000023 EMF_US 25626576v1

## EXHIBIT A

## PLAINTIFF'S FIRST REQUESTS TO EBO
## FOR INSPECTION AND COPYING OF DOCUMENTS AND/OR OBJECTS

Plaintiff Clark Consulting, Inc. ("Clark" or the "Company") requests that the Custodian of Records for Executive Benefit Options, LLC ("EBO") produce the documents and/or objects specified herein, and allow Defendant to inspect and copy the same, on May 16, 2008, at the offices of Laner Muchin Dombrow Becker Levin Tominberg, Ltd.; attention: Thomas Bradley; 515 N. State St.; Suite 2800; Chicago, IL 60610.

## I.     DEFINITIONS AND INSTRUCTIONS

1.     The terms "Defendant," or "Richardson" mean R. Scott Richardson, defendant in this action, and include all attorneys and agents of R. Scott Richardson.

2.     The terms "EBO," "you," or "your" mean Executive Benefit Options, LLC, and include all attorneys, officers, directors, shareholders, employees, agents, successors and assigns of Executive Benefit Options, LLC.

3.     The terms "Clark" or "the Company" or "Plaintiff" shall refer Plaintiff Clark Consulting, Inc., its officers, directors, shareholders, employees, agents, successors and assigns.

4.     The term "Customer" refers to any insurance company, banking association or trade organization with whom Clark has or has had any business relationship (that you are aware of), or their representatives.

5.     As used in these document requests, "documents" means any printed, typewritten, handwritten, electronically stored or recorded material, or any otherwise recorded matter of whatever character whether draft or final documents, including without limitation, letters, memoranda, notes, interoffice or intra-office communications, e-mail or other electronic

communications, statements, bills, billing statements, invoices, checks, telegrams, catalogues, brochures, diaries, reports, calendars, announcements, photographs, tape recordings, and carbon, photographic, or xerographic copies of any such material if the originals are no longer in existence or if you do not have possession, custody or control of the originals. The term "documents" also includes all documents that reference communications regarding Customer names, lists, contact information, contract information, sales and sales negotiations, and documents related to the source of such information

6.     Pursuant to Federal Rules of Civil Procedure 26 and 34, whenever a document is requested herein, it is specifically requested that the party to whom this request is directed also necessarily produce data and information that exists in electronic or magnetic form. This includes production of electronically stored information ("ESI"), specifically, but not limited to, all meta data. In this regard, the party to whom the request is directed is requested to produce ESI in its native format or form, both printed on hard copy as well as on a hard drive or other device or reader on which it may be accessible.

7.     "Regarding," "relating to" or pertaining to" when used with respect to a document, agreement, subject or fact, means embodying, containing, evidencing, reflecting, reciting, recording, supporting, refuting or referring to.

8.     When the term "person" is used, it means a natural person, firm, partnership, proprietorship, business trust, joint venture, association or any other organization or definable entity.

9.     When the term "identify" refers to a person, it means to state the full name, present or last known address, and employment of each such person.

10.    When the term "identify" refers to writings, documents, photographs or any other tangible item, it means to state the identity of the person preparing the item, the date of the preparation, a description of the nature and subject matter of the item and the identity of the present custodian thereof. Or if such document was, but is not now in your possession or subject to your control, state what disposition was made of it and state the date of such disposition. Documents prepared after an event described in your interrogatory answer but which refer to such event shall be included and similarly identified.

11.    If any information regarding a document request is not completely known or available to you, please answer to the extent possible and give any reasons for your inability to answer fully.

12.    Whenever your answers to document requests refer to other sources of information, please identify such source with sufficient detail to enable Clark to subpoena any persons who are the source of such information and/or to obtain by a subpoena duces tecum any document which serves as a source of information.

13.    To the extent required by law, these document requests are to be deemed continuing, and if you or your attorneys, agents, representatives or other responsible persons discover additional information as to matters inquired of in such document requests between the time the answers are made and the date of trial/hearing, supplemental answers shall be served, fully setting forth such newly discovered information.

14.    Space is included for answers to these document requests upon the original as required by rule. If additional space is required, separate attachments may be used and properly designated.

15.    If you assert any privilege regarding any document, with respect to such document:  (1) identify it, (2) state the basis for the claim of privilege, (3) describe fully the circumstances of the document's origin, and (4) describe fully the circumstances of the document's disposition, including identifying all persons whom you believe have or may have seen it or become acquainted with its contents.

## REQUESTS

**REQUEST NO. 1.**   Produce any and all documents or other information created by Clark and/or all current and/or former employees of Clark in your possession, including, but not limited to, (1) all materials, documents, communications and/or other information that is based on, or was created using, Clark's trade secret, confidential, proprietary and/or privileged information, and/or (2) all documents relating to any and all conversations and/or communications that you have had with any person (other than your attorney) regarding Clark's trade secret, confidential, proprietary and/or privileged information.

**RESPONSE**:

**REQUEST NO. 2.**   Produce any and all documents exchanged between you and any person or entity (excluding your attorneys) related to or regarding Clark.

**RESPONSE**:

**REQUEST NO. 3.**   Produce any and all documents or tangible things, including electronic media, relating to the Customer information that originated from Clark in any way and your efforts to use any Customer information to design, implement and/or sell nonqualified executive and director employee benefit plans, Bank-owned Life Insurance ("BOLI") policies, or any other insurance policies, along with administrative services to clients associated with the implementation of such plans and/or policies.

**RESPONSE**:

**REQUEST NO. 4.**    Produce any and all publicly available data that you claim you use to make your business contacts.

**RESPONSE:**

**REQUEST NO. 5.**    Produce any and all documents you have sent to customers or potential customers offering any services or products, or otherwise soliciting customers on behalf of EBO.

**RESPONSE:**

## REQUESTS FOR INSPECTION

1.    Produce for inspection and non-destructive forensic inspection any of Clark's trade secrets, confidential, proprietary and/or privileged information or any other data you received from Clark, prepared on Clark's behalf, or that contains Clark's business information stored on any and all cell phones, PDA's, Blackberries, computers, hard drives, computer tapes, diskettes, CD-ROMs (not including commercially produced music, games, or educational CD-ROMs), zip files, memory sticks or other electronic storage devices or retrieval devices.

2.    Produce for examination and non-destructive forensic inspection any and all cell phones, PDA's, Blackberries, computers, hard drives, computer tapes, diskettes, CD-ROMs (not including commercially produced music, games, or educational CD-ROMs), zip files, memory sticks or other electronic storage devices or retrieval devices owned by, given to, lent to or otherwise assigned to R. Scott Richardson.

3.    Identify and produce all online data storage provider(s) by name and user account identification used to store electronic information for additional capacity and/or for back-up purposes by you from September 10, 2007 to present.

83505 000023 EMF_US 25626611v1