```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

CLARK CONSULTING, INC.,            )
                                   )
            Plaintiff,             )
                                   )
    v.                             )    No.  07 C 7231
                                   )
R. SCOTT RICHARDSON,               )
                                   )
            Defendant.             )

MEMORANDUM OPINION AND ORDER

After counsel for plaintiff Clark Consulting, Inc. ("Clark") evoked memories of T.S. Eliot's The Hollow Men[1] by a with-prejudice voluntary dismissal of its action against R. Scott Richardson ("Richardson"), Richardson moved to alter or amend the dismissal order by seeking to recover the attorneys' fees and expenses that he had been forced to incur by Clark's initiation and year-long aggressive pursuit of what proved to be a totally groundless lawsuit. This Court denied that motion as being unnecessary to allow Richardson to raise the fees-and-expenses issue, ordering instead that Clark respond to the substantive matters raised by Richardson, to be followed by Richardson's filing of a reply. That process has now been completed, and the issue of recovery of fees and expenses is ripe for decision.

To begin with, Clark's counsel has--scarcely for the first time--sought to inject a red herring into the matter, deflecting

---

[1] "This is the way the world ends
    Not with a bang but a whimper."

attention from the real issue at hand. Clark's Response Mem. 2 urges that "Defendant's Motion is, in essence, a motion to reconsider the Court's Dismissal Order of December 30, 2008," proceeding from that premise to cite this Court's long-held aversion to most such efforts as constituting inappropriate attempts to thresh old straw (or at least straw that should have been threshed the first time around).

But that is not at all the case here. Instead this Court's action, when it granted voluntary dismissal before the date that Clark had scheduled for presentment of its motion for that purpose, had inadvertently prevented Richardson's counsel from raising the issue (as the parties had really understood would be done, although this Court was of course unaware of that understanding). Hence the contention in Clark's Response Mem. 4 that Richardson had somehow "waived" the issue (reflecting a careless locution, for what Clark has really asserted is forfeiture rather than waiver) is entirely devoid of merit.

Next Clark attempts to justify its bringing of the lawsuit against Richardson on a retrospective basis, pointing to Richardson's assertion that he had been the victim of theft of a laptop computer that had been issued to him by Northwestern Mutual, the company with which Richardson became affiliated after having left Clark's employment. That took place on the same day that this lawsuit was filed, and Clark's Response Mem. 5 says

2

"The timing is suspect, and the significance vast."  But that too--despite the fact that such coincident[2] occurrences can often raise suspicion--turns out to have no significance.  Even apart from the fact that the event, then unknown to Clark, obviously could have had no effect on its bringing of the litigation, what is important is that during the course of the lawsuit Clark had and exercised the opportunity to determine electronically whether or not Richardson has downloaded files or had taken documents from its computer--and its search turned up nothing of the sort.

Clark's next attempted target--Richardson's access to its L:drive (at its R. Mem. 7-8)--is demonstrably bogus as well.  Richardson's just-filed Reply Brief 3-4 demonstrates that beyond dispute, and it need not be repeated here.

So what this case presented from its inception was a lawsuit that, in the words of the advance warning letter from Clark's counsel sent to Richardson on December 21, 2007 (five days before suit was filed), charged him with "(1) breach of the Illinois Trade Secret Act; (2) breach of fiduciary duty and the duty of loyalty; (3) equitable estoppel; (4) breach of contract (your employee confidentiality agreement); and (5) breach of contract

---

[2] "Coincident" is used here rather than "coincidental" because the former word denotes only a temporal relationship, while the latter term usually carries with it the inference that such a coincidence in timing is accidental.  This sentence in the text is intended to be neutral on that score, although what follows is not.

3

(based upon your violation of your non-disclosure and non-solicitation agreement with Clark Consulting)."  Every one of those claims was without foundation and was either known to be so at the time of filing or was learned to be so during the ensuing year while Clark pursued the lawsuit vigorously.

One striking example of the emptiness of Clark's claims is its false--and knowingly false--charge that Richardson breached his fiduciary responsibilities and duty of loyalty, as well as his non-solicitation agreement with Clark, by soliciting the business of Forest Park National Bank & Trust.  That falsity is demonstrated in spades by the affidavit of Guy Giannini, Forest Park's Chief Financial Officer, confirming that <u>no</u> such inappropriate action had been undertaken by Richardson (to the contrary, Giannini confirmed Richardson's wholly appropriate conduct, taken <u>in Clark's interest</u>) and further confirming that Giannini had so advised Phil Hayes (the individual who succeeded Richardson as Clark's contact with the bank) when Hayes asked him about it in mid-December 2007 (<u>before</u> Clark filed suit).

This opinion will not further elaborate on the particulars that are so well set out in Richardson's Reply Brief 3-8.  Suffice it to say that his counsel has demonstrated persuasively that Richardson is entitled to be made whole under a number of different theories:  the Illinois Trade Secrets Act entitlement to recovery of fees if "a claim of misappropriation is made in

4

bad faith" (765 ILCS 1065/5), this Court's inherent power in the face of the bad faith pursuit of litigation (see, e.g., <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32 (1991)) and, at least in part, the unreasonable and vexatious multiplication of the proceedings by Clark's counsel in violation of 28 U.S.C. §1927 ("Section 1927").

What remains for consideration is a subject that has not really been addressed by the parties: any potential that may exist for separating out (1) those matters that were originally asserted in bad faith from (2) any matters that Clark can demonstrate did not fit that description initially, although the evolution of the lawsuit later made that plain. In addition, the parties should be prepared to discuss the extent to which Section 1927 may be applicable, as well as the related question whether joint and several liability should exist as between Clark and its lawyers because of the different predicates for holding each liable. This matter is set for a status hearing at 8:45 a.m. February 24, 2009 to discuss further proceedings.

                                                */s/ Milton I. Shadur*
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: February 19, 2009